**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TRUNDLE'S HEISE SPRINGS, LLC,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-26-0983** |
| **TEXAS EASTERN TRANSMISSION, LP, et al.,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Trundle's Heise Springs, LLC filed a Petition for Termination of Dormant Mineral Interests and Complaint to Terminate Oil and Gas Lease in the Circuit Court for Garrett County, Maryland against Texas Eastern Transmission, LP ("Texas Eastern") and "any and all persons claiming an interest in the 'Everett Webster Brenneman Revocable Trust.'" (ECF No. 3.) Texas Eastern removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1.) No Defendant other than Texas Eastern has appeared in this case and, on September 9, 2026, Plaintiff and Texas Eastern stipulated to Texas Eastern's dismissal with prejudice from this case. (ECF No. 20.) Plaintiff has filed a Motion to Remand (ECF No. 21), which will be denied without prejudice.

The Court's diversity jurisdiction is typically evaluated at the time of removal. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). At the time of removal, there was complete diversity between the parties, as Texas Eastern and Plaintiff are of diverse citizenship. (*See* ECF No. 1 ¶¶ 10–12.) Although Plaintiff also named as defendants "any and all persons claiming an interest in the 'Everett Webster Brenneman Revocable Trust,'" 28 U.S.C. § 1441(b)(1) directs that, in considering the diversity of the parties, "the citizenship of defendants

sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b); *see Adegbenro v. Bank of Am., N.A.*, Civ. No. 22- 00828, 2022 WL 16857065, at *2 (S.D. Tex. Nov. 10, 2022), *report and recommendation adopted*, Civ. No. 22-00828, 2022 WL 17253898 (S.D. Tex. Nov. 28, 2022) (explaining that parties "which are described as 'all persons' who may claim title to or other interests in the Property" are not relevant to the diversity inquiry, as they are fictitious defendants under § 1441(b)); *Baker v. Wells Fargo Bank, N.A.*, Civ. No. 16-01943LJO-EPG, 2017 WL 931879, at *4 n.9 (E.D. Cal. Mar. 9, 2017) (similar).

Plaintiff has asserted that "[t]he remaining Defendants, if any, are believed to be citizens of the State of Maryland." (ECF No. 21 ¶ 5.) The existence of a Maryland defendant would, of course, destroy diversity. However, such defendants have not entered their appearance in this case. On the other hand, to the extent that no Maryland defendant exists, the Court's diversity jurisdiction over the case would continue. Plaintiff does not adequately address this issue.

Plaintiff also argues that the case should be remanded because the Court should decline to exercise supplemental jurisdiction over the remaining claims. However, the Court's jurisdiction over the remaining claims is based upon diversity jurisdiction, and so is original, not supplemental, at least upon the record currently before the Court. And "[t]he court has no discretion to remand a case when diversity jurisdiction exists." *Batista v. Pennsylvania Real Est. Inv. Tr.*, Civ. No. DKC-22-1973, 2022 WL 17850121, at *1 (D. Md. Dec. 22, 2022).[1]

In short, while logic would suggest that remand is appropriate where Texas Eastern—the only defendant that has appeared in this case and the party that removed the case to this Court—has been dismissed, Plaintiff has not provided this Court with a sufficient basis to remand this case

[1] Further, that no party has opposed the remand request does not resolve the issue. *See Johnson v. Westlake Servs., LLC*, Civ. No. DKC 23-702, 2023 WL 2914760, at *2 (D. Md. Apr. 12, 2023) ("[O]rdinarily, a federal court may not remand a case merely because the parties consent").

to the Circuit Court for Garrett County. Plaintiff will be permitted an opportunity to renew its request for a remand.

Accordingly, it is ORDERED that

1. Plaintiff's Motion to Remand (ECF No. 21) is DENIED WITHOUT PREJUDICE; and
2. Plaintiff SHALL FILE any renewed motion to remand within 14 days of this Order.

DATED this 14 day of October, 2026.

BY THE COURT:

James K. Bredar
United States District Judge